UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA SALOURAS, individually, and on behalf of all others similarly-situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) | |
| SARA LEE FROZEN BAKERY, LLC, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Paula Salouras, individually and on behalf of all others similarly-situated, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

## NATURE OF THE ACTION

1. This case arises out of Defendant Sara Lee Frozen Bakery, LLC's ("Defendant") deceptive, unfair, and false merchandising practices regarding Sara Lee's All Butter Pound Cake (the "Product").

2. On the labels of the Product, Defendant prominently represents that the Product is "All Butter Pound Cake."

3. While the Product contains butter, it also contains soybean oil, a shortening ingredient.

4. Defendant's branding and packaging of the Product is designed to—and does—deceive, mislead, and defraud Plaintiff and consumers like Plaintiff.

5. Plaintiff brings this case to recover damages for Defendant's false, deceptive, and

misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and common law.

## PARTIES

6. Plaintiff, Paula Salouras, is an Illinois citizen residing in Cook County, Illinois. During the Class Period (as defined below), Plaintiff purchased the Defendant's All Butter Pound Cake for personal, family, or household purposes.

7. Plaintiff's claims are typical of all class members. The label the Product purchased by Plaintiff and the classes are the same and/or substantially similar in that they all uniformly claim that the Product is "All Butter Pound Cake" when the Product contains another shortening agent. As a result, the representations are deceptive, false, and unfair, and injure Plaintiff and class members in the same way.

8. Defendant Sara Lee Frozen Bakery, LLC is a Delaware limited liability company with a principal place of business in Oakbrook Terrace, Illinois, DuPage County.

9. Plaintiff bought the Product because she liked the product for its intended use, and expected it to conform to its label representations, including that the product contains butter as its only shortening ingredient.

10. Plaintiff was deceived by and relied upon the Product's deceptive labeling.

11. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

12. The Product was worth less than what Plaintiff paid for it and she would not have paid as much absent Defendant's false and misleading statements and omissions.

13. Plaintiff intends toand will purchase the Product again when she can do so with the assurance that the Product does not contain non-butter shortening ingredients.

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(a) and (d), because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of five million dollars ($5,000,000.00) and is a class action in which members of the class of plaintiffs are citizens of states different from Defendant and greater than two-thirds of the Class Members reside in states other than the state in which Defendant is a citizen.

15. This Court has personal jurisdiction over Defendant Sara Lee Frozen Bakery, LLC, because it has its principal place of business in Oakbrook Terrace, DuPage County, Illinois.

16. Venue properly lies in this judicial district because, *inter alia,* Defendant has a principal place of business, transacts substantial business, has agents, and is otherwise located in this district; and a substantial part of the conduct giving rise to the claims occurred in this judicial district.

**ALLEGATIONS OF FACT**

17. Defendant manufactures, distributes, markets, labels and sells the Product under its "Sara Lee" brand.

18. The Product is available to consumers from retail and online stores of third-parties and is sold in sizes including 10.75 OZ (304g).

19. The label prominently states "All Butter Pound Cake.".



20.     Consumers prefer butter to chemically-produced "vegetable" oils when baking for reasons including taste, health, and avoidance of highly processed artificial substitutes for butter.

21.     Butter costs more than vegetable oil alternatives, like soybean or canola oil.

22.     Where a food is labeled as "Butter__" or uses the word "butter" in conjunction with the food name, reasonable consumers will expect all of the shortening ingredient to be butter.[1] The Product's label is more misleading still because it expressly claims the Product is "All Butter."

23.     The representation is misleading because butter is not the only shortening ingredient in the Product, as shown by the small print of the ingredient list.

---

[1] Compliance Policy Guide ("CPG"), Sec 505.200, "Butter" Featured in Product Name, Center for Food Safety and Applied Nutrition, Office of Regulatory Affairs, March 1988 ("If the product contains both butter and shortening but a sufficient amount of butter to give a characteristic butter flavor to the product, an appropriate name would be 'butter flavored_.'").

> **INGREDIENTS:** ENRICHED BLEACHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), SUGAR, EGGS, BUTTER (CREAM, SALT), WATER, SOYBEAN OIL, MONO AND DIGLYCERIDES, CONTAINS 2% OR LESS: LEAVENING (BAKING SODA, SODIUM ACID PYROPHOSPHATE, CORN STARCH, MONOCALCIUM PHOSPHATE), MODIFIED CORN STARCH, SALT, SKIM MILK, GUMS (GUAR, XANTHAN), SODIUM STEAROYL LACTYLATE, MILK PROTEIN CONCENTRATE, NATURAL FLAVOR, ANNATTO (COLOR).

24. Though the Product contains butter, it also contains another shortening agreement that is not butter—soybean oil.

25. The Product also contains annatto, a food coloring which imparts a yellowish-hue, as seen by the yellow slices of the Product on the front label.

26. The use of annatto is permitted in butter, but used in the Product, annatto bolsters Defendant's misrepresentation that the Product contains more butter than it does.

27. Defendant's branding and packaging of the Product is designed to—and does—deceive, mislead, and defraud Plaintiff and consumers.

28. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of Plaintiff and other members of the putative class.

29. The value of the Product that Plaintiff purchased and consumed was materially less than its value as represented by Defendant.

30. Had Plaintiff and other class members known the truth, they would not have bought the Product or would have paid less for it.

31. As a result of the false and misleading labeling, the Product is an sold at a premium price, approximately no less than $3.99 for 10.75 OZ, excluding tax, compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

## CLASS ALLEGATIONS

32. Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiff brings this action on her own behalf and on behalf of proposed classes of all other similarly situated persons consisting of:

> National Class: All consumers in the United States who purchased Sara Lee All Butter Pound Cake for personal purposes from January 1, 2016 up through preliminary approval (the "Class Period").
>
> Illinois Subclass: All consumers in Illinois who purchased Sara Lee All Butter Pound Cake for personal purposes from January 1, 2016 up through preliminary approval (the "Class Period").

33. Excluded from the classes are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

34. Upon information and belief, the classes consist of thousands of purchasers. Accordingly, it would be impracticable to join all class members before the Court.

35. There are numerous and substantial questions of law or fact common to all the members of the classes and which predominate over any individual issues and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

36. The claims of the Plaintiff are typical of the claims of class members, in that they share the above-referenced facts and legal claims or questions with class members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting class members, and Plaintiff has no interest adverse to the interests other class members.

37. Plaintiff will fairly and adequately protect the interests of class members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

38. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all class members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a. the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the classes;

    b. absent a class, the class members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profit from and enjoys its ill-gotten gains;

    c. given the size of individual class members' claims, few, if any, class members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent class members have no substantial interest in individually controlling the prosecution of individual actions;

    d.        when the liability of Defendant has been adjudicated, claims of all class members can be administered efficiently and/or determined uniformly by the Court; and

    e.        this action presents no difficulty that would impede its management by the court as a class action which is the best available means by which Plaintiff and class members can seek redress for the harm caused to them by Defendant.

39. Because Plaintiff seeks relief for the entire National Class and Illinois Subclass, the prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes which would establish incompatible standards of conduct for Defendant.

40. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute which is the center of this litigation. Adjudications with respect to individual members of the classes would, as a practical matter, be dispositive of the interest of other members of the classes who are not parties to the adjudication and may impair or impede their ability to protect their interests. Thus, class treatment is a superior method for adjudication of the issues in this case.

41. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

42. Plaintiff seeks class-wide injunctive relief because the practices continue.

## **CLAIMS FOR RELIEF**

**Count One—Violation of the ICFA and Other State Consumer Protection Statutes**
**(On behalf of Illinois Subclass)**

43. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

44. The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 Ill. Comp. Stat. Ann. 505/2.

45. Defendant's conduct in advertising and selling the Product as "All Butter Pound Cake," constitutes the act, use, and employment of deception, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

46. Defendant intended that Plaintiff and the members of the Illinois Subclass would rely on their "All Butter Pound Cake," representation.

47. The "All Butter Pound Cake" misrepresentation is material because it concerns the type of information upon which a reasonable consumer would be expected to rely in deciding whether to purchase.

48. Because Defendant is in the business of selling its Product, Defendant committed the unfair and deceptive acts in the conduct of its trade and commerce.

49. Defendant's practice of advertising and selling the Product as "All Butter Pound Cake" is unfair. The practice offends public policy and is immoral, unethical, and unscrupulous because consumers are paying more for the Product than they otherwise would have. Selling the Product as "All Butter Pound Cake" when it is not, offends the public's expectation to be told the truth about the Product they are buying.

50. Defendant's conduct causes substantial injury to consumers because consumers being misled into purchasing a Product that is not what it is represented to be.

51. Because the Product is not an "All Butter Pound Cake" as it was represented to be, the Product, as sold, was worth less than the Product as represented, and Plaintiff and members of the Illinois Subclass paid a premium for the Product. Had the truth be known, Plaintiff and members of the Illinois Subclass would not have purchased the Product or would have paid less for it.

52. Plaintiff and members of the Illinois Subclass were deceived by the "All Butter Pound Cake" labels on the Product and suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Product and the value of the Product if it had been as represented.

53. Plaintiffs also seek to enjoin Defendant's ongoing deceptive practices relating to is claims on the Product's labels and advertising.

**Count Two—Unjust Enrichment**
**(On behalf of National Class)**

54. Plaintiff repeats and re-alleges the allegations of paragraphs 1–42 as if fully set forth herein.

55. By purchasing the Product, Plaintiff and the class members conferred a benefit on Defendant in the form of the purchase price of the Product.

56. Defendant appreciated the benefit because, were consumers not to purchase the Product, Defendant would have no sales and make no money.

57. Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's misleading representations about the Product.

58. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and class members' expense and in violation of the law, and therefore restitution and/or disgorgement of such economic enrichment is required.

### Count III—Breach of Express Warranty
### (On behalf of National Class)

59. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

60. Defendant made the affirmation of fact and the promise to Plaintiff and the class members that the Product was "All Butter Pound Cake," guaranteeing to Plaintiff and the class members that the Product was in conformance with the representations.

61. This affirmation of fact became part of the basis of the bargain in which Plaintiff and class members purchased Defendant's Product, and Plaintiff and class members relied on the affirmation when making their purchasing decisions.

62. Defendant breached the express warranty that the Product was "All Butter Pound Cake" by providing Plaintiff and class members that were not made with only butter as a shortening agent.

63. As a result of Defendant's breach of warranty, Plaintiff and the class members have been deprived of the benefit of their bargain in that they bought the Product that was not what it was represented to be, and they have spent money on the Product that had less value than was reflected in the premium purchase price they paid for the Product.

64. Because Defendant made the affirmation of fact and promise directly on their own labels and packaging, privity is not required to bring this claim.

65. Because Defendant had actual knowledge that its Product is not All Butter Pound Cake" pre-suit notice of this claim is not required.

11

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a. grant certification of this case as a class action;

b. appoint Plaintiffs as Class Representatives and Plaintiff's counsel as Class Counsel;

c. award compensatory damages to Plaintiff and the proposed classes, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d. for an award of declaratory and equitable relief declaring Defendant's conduct to be in violation of ICFA and enjoining Defendant from continuing to engage in deceptive and unfair marketing of the Sodas including, but not limited to, a label change on the Product;

e. award pre- and post-judgment interest;

f. award reasonable attorneys' fees, costs, and expenses; and

g. for all such other and further relief, as may be just and proper.

Dated: April 19, 2021

Respectfully submitted,

s/ Ben Barnow
Ben Barnow
Anthony L. Parkhill
**BARNOW AND ASSOCIATES, P.C.**
205 W. Randolph St., Suite 1630
Chicago, IL 60606
Tel: (312) 621-2000
Fax: (312) 641-5504
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com

Bruce W. Steckler (*Pro hac vice* forthcoming)
Craig D. Cherry (*Pro hac vice* forthcoming)
**STECKLER WAYNE COCHRAN PLLC**

>1270 Hillcrest Road, Suite 1045
>Dallas, TX 75230
>Tel: 972-387-4040
>Fax: 972-387-4041
>bruce@swclaw.com
>craig@swclaw.com